No. 13,687.

FEDERAL LIFE INSURANCE COMPANY *v.* BOYD.
(... P. [2d] ...)

Decided May 25, 1936.

Mr. HENRY H. CLARK, for plaintiff in error.

Mr. HARRY G. SAUNDERS, Mr. GLENN G. SAUNDERS, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ELSA E. Boyd, defendant in error, recovered judgment against the Federal Life Insurance Company, plaintiff in error, upon an accident policy issued to James E. F. Boyd September 10, 1927. The company, seeking a reversal, brings the case here on error.

In the complaint, by appropriate allegations, the liability of the insurance company was predicated upon the following terms of the policy:

"The Company will pay for loss of Life.....$10,000.00 * * * sustained by the wrecking or disablement of a railroad passenger car or street, elevated or underground railway car, passenger steamship or steamboat, in or on which the Insured is traveling as a fare-paying passenger, in a place regularly provided for the sole use of passengers."

The policy was in full force and effect on March 27, 1933, the date of the accident and death of insured. The original complaint alleged that he died "as the result of external, violent and accidental means sustained in a streetcar accident on said date." Upon motion to make the complaint more specific, an amendment to the complaint was filed alleging that: "While the aforesaid James E. F. Boyd was standing on the platform of said car by the farebox at the time and place above stated, said operator of the aforesaid streetcar wholly disabled said car by disconnecting all electrical energy therefrom, and while said streetcar was so disabled, the operator of said streetcar left and abandoned said streetcar * * * and when he abandoned said car he left the front door of same wide open and unprotected, and the aforesaid James E. F. Boyd was thrown or fell from the platform of said street-

car to the street where he struck upon his head and died as the result of external, violent and accidental means, as above described.''

Demurrer to the complaint as amended was overruled, and trial had to a jury. The insurance company moved for nonsuit and for a directed verdict, both of which motions were denied and judgment for $16,690 finally entered upon the jury's verdict in favor of plaintiff.

The answer of the insurance company contained the following paragraph: ''Defendant alleges that when said Boyd climbed onto said streetcar, at said intersection, he was under the influence of liquor, and was engaged in a scuffle and quarrel with a certain other person who climbed onto the car with him, and who urged the operator thereof not to take said Boyd as a passenger as he was holding him for the police; that thereupon said operator ran to the nearby phone box on the sidewalk and called the streetcar dispatcher and requested him to send the police immediately; that upon the return of said operator to the streetcar said Boyd and the man with whom he was quarreling alighted therefrom, and immediately they got onto the street they resumed their fight and during the same said Boyd fell upon the street and received certain injuries the nature and extent of which are unknown to defendant.''

There really is no conflict in the evidence as to the manner in which the injury resulting in the death of the insured occurred. It is clear that he fell from the doorway of the streetcar while it was standing with the door open, as described in the amendment to the complaint, and struck his head upon the pavement, fracturing the skull and that he died while he was being taken to the hospital. The controversy centers in the phrase, ''the wrecking or disablement of a * * * street * * * car,'' used in the policy and the condition relative to the payment of a claim for loss of life ''sustained by the wrecking or disablement of * * * a street * * * car.'' It is argued that the streetcar was disabled ''by disconnecting all electrical energy

therefrom.'' The insurance company insists that this was not a disablement of the car within the meaning of the terms of the policy. Exhaustive and interesting briefs have been filed by the parties presenting their contentions, but a determination of this question is inconsequential, unless it is established by the evidence that there was such a disablement with a causal relation to the injury resulting in death. The wording of the policy is unambiguous. No words could make the meaning clearer than those used, namely, that ''the company will pay for loss of life * * * sustained by the wrecking or disablement of a * * * street * * * car.'' This can only mean that the injury causing death must be ''sustained by the wrecking or disablement'' of the car such as to produce the fatal injury. Upon the facts presented in this case, the injury to deceased resulted from causes wholly independent of the matters, which it is contended resulted from the disablement of the streetcar, by the disconnection of the electrical energy by the operator. The evidence does not disclose the happening of any event either inside or outside the car that would cause its ''disablement,'' within the meaning of the word as used in the policy. This construction—if it may be called a construction—is in reality not necessary in the face of the plain, unambiguous wording of the policy, but is made to expose the fallacy of the argument in support of the contention that the insurance company is liable. There being no conflict in the evidence on this material point, the motion for nonsuit should have been granted. This being so, it is unnecessary to discuss other assigned errors that followed the overruling of the motion.

Judgment reversed and cause remanded with directions to dismiss the complaint.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE BUTLER concur.